FILED
2004 MAR -8  PM 1:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT JAMES EVANS,<br><br>Plaintiff,<br><br>v.<br><br>JIM WOODWARD and<br>NED WHITEHEAD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. CV 00-B-2087-S<br>)<br>)<br>)<br>)<br>) |

ENTERED
MAR - 8 2004

## MEMORANDUM OF OPINION

On July 3, 2003, the magistrate judge entered a report recommending that the defendants' motion for summary judgment be denied. (Doc. #43). On August 18, 2003, the defendants filed an objection to the report and recommendation (Doc. #47) and supplemented their special report by filing the second affidavit of Lieutenant Frank C. Fitts. ( Doc. #49). Upon review of the defendants' objections, the magistrate judge amended his initial recommendation with respect to Jim Woodward and, in a supplemental report and recommendation entered September 29, 2003, recommended that summary judgment be granted as to defendant Woodward but denied as to defendant Whitehead. (Doc. #54). Defendant Whitehead filed additional objections on October 7, 2003 (Doc. #56) and the plaintiff filed objections on October 14, 2003, (Doc. #57) and October 20, 2003. (Doc. #58).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the supplemental report and recommendation, and the objections filed by the parties, the court ADOPTS and ACCEPTS the magistrate judge's



recommendation that the motion for summary judgment filed by Jim Woodward be granted, and that any official capacity claims against Sheriff Mike Hale be dismissed with prejudice.

As to defendant Ned Whitehead, the Eighth Amendment is violated when prison personnel delay or deny access to medical care or intentionally interfere with treatment. *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1998), *citing Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291-92, 50 L.Ed.2d 251 (1976). There is no evidence that Whitehead made any decision that denied the plaintiff medical treatment. He had no authority to overrule jail doctors concerning "outside" physicians. There is no admissible evidence that Whitehead knew that the Cooper Green doctor stated, if he did state, that the plaintiff needed further medical treatment. Because the plaintiff has failed to establish facts which show that Whitehead was deliberately indifferent to his medical needs, Whitehead's motion for summary judgment is due to be granted.

Accordingly, the court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment is due to be granted and this action is due to be dismissed with prejudice. A Final Judgment will be entered.

DONE this 8th day of March, 2004.

SHARON LOVELACE BLACKBURN
United States District Judge